# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# AT LOUISVILLE
# CIVIL ACTION NO. 3:07CV-717-S

**CAMERON M. WILSON**                                                                     **PLAINTIFF**

**v.**

**KUIC** *et al.*                                                                                   **DEFENDANTS**

## MEMORANDUM OPINION

Plaintiff, Cameron M. Wilson, filed this *pro se* civil action against the Kentucky Unemployment Insurance Commission (KUIC) and his former employer, Big Lots. Because the Court lacks subject matter jurisdiction over the action, it will dismiss the complaint pursuant to Fed. R. Civ. P. 12(h)(3), which permits a court to dismiss a case *sua sponte* at anytime for lack of subject matter jurisdiction. *See Franzel v. Kerr Mfg. Co.*, 959 F.2d 628, 630 (6th Cir. 1992).

## I. SUMMARY OF CLAIMS

Plaintiff used a court-supplied general complaint form to initiate this lawsuit. Under the section of the form directing Plaintiff to state the grounds for filing this case in federal court (including any federal and/or U.S. Constitutional provisions), Plaintiff states: "Kentucky Supreme Court Denying my motion for Discretionary Review in my case against Big Lots, Inc." In the body of the complaint, Plaintiff elaborates as follows:

> September 23, 2004 a 52 inch Plasma TV was stolen from Big Lots, I was terminated for misconduct. I applied for unemployment and was denied. At the November 11, 2004, hearing, my attorney wouldn't let me testify, because of this major error on her part the KUIC didn't award me benefits. With no testimony the Kentucky Court System for the last three years have decided, I was guilty of misconduct for not speaking and in my opinion that is the reason they didn't bother looking at any of the evidence Big Lots submitted. Doug Gaskins District Manager of Big Lots perjured himself in the hearing he lied under oath regarding company policy which is Exhibit

A in the hearing transcript, he also lied concerning all events of September 23, 2004. As relief, Plaintiff asks this Court: "a. To read Exhibit A of the hearing transcript and read what Doug Gaskins testified to, [and] b. Decide whether Big Lots met its burden of proof."

## II. ANALYSIS

It is axiomatic that federal district courts are courts of limited jurisdiction, and their powers are enumerated in Article III of the Constitution. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Hudson v. Coleman,* 347 F.3d 138, 141 (6th Cir. 2003) ("[I]t is well established that federal courts are courts of limited jurisdiction, possessing only that power authorized by the Constitution and statute."). "Jurisdiction defines the contours of the authority of courts to hear and decide cases, and, in so doing, it dictates the scope of the judiciary's influence." *Douglas v. E.G. Baldwin & Assoc. Inc.*, 150 F.3d 604, 606 (6th Cir. 1998), *overruled on other grounds by Cobb v. Contract Transp., Inc.*, 452 F.3d 543, 548-49 (6th Cir. 2006)). The party that seeks to invoke a federal district court's jurisdiction bears the burden of establishing the court's authority to hear the case. *Kokkonen*, 511 U.S. at 377. Moreover, federal courts have an independent duty to determine whether they have jurisdiction and to "police the boundaries of their own jurisdiction." *Douglas,* 150 F.3d at 607 (quoting *Ebrahimi v. City of Huntsville Bd. of Educ.*, 114 F.3d 162, 165 (11th Cir. 1997)).

The Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519 (1972). The duty to be less stringent with *pro se* complaints, however, "does not require [the Court] to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted), and the Court is not required to create a claim for the *pro se* Plaintiff. *Clark v. Nat'l Travelers Life*

*Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975).  To command otherwise would require the "courts to explore exhaustively all potential claims of a pro se plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party."  *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

Plaintiff has not met his burden of establishing this Court's jurisdiction.  He cites to no specific federal law as the grounds for filing this case in federal court.  He thus fails to demonstrate federal question jurisdiction under 28 U.S.C. § 1331.  Plaintiff additionally fails to establish diversity jurisdiction as he has neither demonstrated complete diversity of citizenship with Defendants nor alleged the requisite amount in controversy as required under 28 U.S.C. § 1332.

Plaintiff is essentially asking this Court to review a state court decision on an issue of state law, whether Plaintiff is entitled to state unemployment benefits.  This Court is without jurisdiction to review the decisions of the state courts on matters dealing exclusively in state law.  Only the Supreme Court of the United States has jurisdiction to review a civil case litigated and decided in a state court.  *Gottfried v. Med. Planning Servs.*, 142 F.3d 326, 330 (6th Cir. 1998) ("[L]ower federal courts do not have jurisdiction to review a case litigated and decided in state court; only the United States Supreme Court has jurisdiction to correct state court judgments.").

As Plaintiff has failed to establish the subject matter jurisdiction of this Court, the instant

action will be dismissed by separate Order.

Date:

cc:     Plaintiff, *pro se*

4411.008